IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3002 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| DOUGLAS COUNTY CORRECTIONAL CENTER, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Robert F. Baker. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner is a pretrial detainee in the custody of the Douglas County Correctional Center as a result of charges filed on August 19, 2006. However, in his § 2254 petition, he challenges violations of his constitutional rights in connection with his conviction in the District Court of Douglas County, Nebraska, in the year 2000 or 2001 for theft by receiving stolen property, for which he received a sentence of 20 to 24 months.

The immediate question in this case is whether the challenged conviction remains open to collateral attack in this court. A petitioner's convictions become "conclusively valid" if the sentences for those convictions have been fully served before they are challenged in a § 2254 petition. See, e.g., Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001): "[O]nce a state conviction is no longer open to direct or collateral attack in

1

its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."[1]  Thus, because of "the interests of finality and ease of administration," a petitioner may not collaterally attack a fully expired state court conviction under 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004).[2]  Thus, the first question is whether the petitioner's 2000 or 2001 sentence was fully served and had wholly expired *before* he filed his § 2254 petition in this case, so that the foregoing legal decisions bar him from seeking to invalidate the conviction in collateral proceedings in this court.

The second question apparent from the face of the § 2254 petition is whether the petition is time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d) states:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1]See also Daniels v. United States, 532 U.S. 374, 381 (2001):

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction.  He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 .... **These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.**  See, e.g., United States v. Olano, 507 U.S. 725, 731... (1993) ("No procedural principle is more familiar to this Court than that **a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right** before a tribunal having jurisdiction to determine it"....).  One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

(Emphasis added).

[2]An exception to the "conclusively valid" status of a prior conviction exists when "there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 ... (1963)."  Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001).

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

However, the one-year statute of limitations is tolled while a petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). Accord Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001): In calculating the limitations period, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review ... is pending shall not be counted." Nevertheless, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred petition. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

This case has been assigned to District Judge Laurie Smith Camp, but a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended, states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636." Therefore, the respondent will be directed to address whether the § 2254 petition is barred from consideration for the reasons stated above. The petitioner will be granted an opportunity to reply.

IT IS THEREFORE ORDERED:

1.	That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2.	That before any additional proceedings in this case, the parties shall be heard on the issues discussed above, i.e., whether the petitioner has wholly served his sentence for the challenged conviction so that this habeas corpus case is barred by the conclusive validity of his conviction, or whether the statute of limitations has expired; if neither is true, the court will order the respondent to answer or otherwise respond to the § 2554 petition, and the case will proceed from that point forward;

3.	That within forty (40) days of the date of this Order, the respondent shall file a written response to this Order addressing the issues raised above;

4.	That, if the respondent contends that the petition is barred on either or both of the grounds discussed above, the petitioner may reply within forty (40) days after the respondent files his response.

DATED this 26th day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge