IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Petitioner, | ) | 4:07cv3002 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | |
| DOUGLAS COUNTY CORRECTIONAL CENTER, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), filed by the petitioner, Robert F. Baker; and the "Response" filed by the Nebraska Attorney General. In his § 2254 petition, Mr. Baker, who is incarcerated in the Douglas County Correctional Center ("DCCC"), alleges violations of his constitutional rights in connection with his conviction and sentence in the District Court of Douglas County, Nebraska, on or about April 21, 2001, on a charge of theft. The petitioner was discharged from custody on November 13, 2001, in connection with that offense, having fully served his sentence.

In his response, the Nebraska Attorney General seeks dismissal of the § 2254 petition because the petitioner challenges a conviction on which he had fully served his sentence *before* he filed his habeas petition in this case, and thus, the conviction is no longer subject to collateral attack. Also, the Attorney General asserts that the present habeas action is barred by the applicable statute of limitations. In light of the Attorney General's arguments and the applicable law, the petitioner will be directed to show cause

why this action should not be dismissed in accordance with the principles set forth below.

## Expired Sentence

The United States Supreme Court ruled in Maleng v. Cook, 490 U.S. 488, 490-92 (1989), that federal courts lack jurisdiction to consider a habeas petition attacking a sentence which the petitioner had entirely served before the § 2254 petition was filed. A petitioner's conviction becomes "conclusively valid" if the sentence for the conviction has been fully served before the conviction is challenged in a § 2254 petition. See, e.g., Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001): "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."[1]

---

[1] See also Daniels v. United States, 532 U.S. 374, 381 (2001):

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 .... **These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.** See, e.g., United States v. Olano, 507 U.S. 725, 731... (1993) ("No procedural principle is more familiar to this Court than that **a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right** before a tribunal having jurisdiction to determine it"....). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

(Emphasis added).

Thus, because of "the interests of finality and ease of administration," a petitioner may not collaterally attack a fully expired state court conviction under 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004).

The Supreme Court has recognized an exception to the "conclusively valid" status of a prior conviction where the conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment," as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963).  In that event, a petitioner may attack an expired conviction used to enhance a current one whether or not the expired conviction remains open to direct or collateral attack.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. at 404:  "As in Daniels, we recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 ... (1963).  The special status of Gideon claims[2] in this context is well established in our case law."

Accordingly, if Mr. Baker did indeed fully serve his sentence on the theft offense, and that sentence had wholly expired *before* he filed his § 2254 petition in this case, the foregoing legal decisions bar him from seeking to invalidate that conviction in this case.  The only exception is if, in the 2001 criminal prosecution, Mr. Baker lacked legal

---

[2]The decision in Gideon v. Wainwright, 372 U.S. 335 (1963), established the right of indigent defendants in state criminal prosecutions to be represented by appointed counsel.

3

representation in violation of the principles expressed in Gideon v. Wainwright, 372 U.S. 335 (1963) (denial of right to appointment of counsel in criminal prosecution).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely. The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged

state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). See also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

> In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). However, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).

In light of the foregoing information, the petitioner shall have an opportunity to show cause why his § 2254 petition and this action should not be dismissed as either untimely or because the judgment under attack has become "conclusively valid" by the expiration of the petitioner's sentence in 2001. In the absence of a response to this Order to Show

Cause, the above-entitled case may become subject, without further notice, to dismissal with prejudice.

THEREFORE, IT IS ORDERED:

1. That by May 9, 2007, the petitioner shall show cause in writing why this case should not be dismissed for the reasons discussed above; and

2. That the petitioner is hereby notified that, in the absence of a timely and sufficient showing of cause, the above-entitled action will be subject, without further notice, to dismissal with prejudice.

DATED this 16th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge