IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT F. BAKER,                    )
                                    )
              Petitioner,           )              4:07cv3002
                                    )
       vs.                          )        MEMORANDUM AND ORDER
                                    )
DOUGLAS COUNTY CORRECTIONAL )
CENTER,                             )
                                    )
              Respondent.           )

       This matter is before the court on the Order to Show Cause (Filing No. 9) issued by

the court on April 16, 2007, and the Response (Filing No. 10) filed by the petitioner, Robert

F. Baker.  In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254

petition"), the petitioner challenges his conviction for theft and sentence in the District Court

of Douglas County, Nebraska, on or about April 21, 2001.  The petitioner was discharged

from custody on November 13, 2001, for that offense, having fully served his sentence.

       The petitioner filed this action on January 4, 2007, and Magistrate Judge F.A.

Gossett entered an Order on Initial Review (Filing No. 3) on January 26, 2007.  As

Magistrate Judge Gossett noted on initial review, the § 2254 petition, on its face, presented

matters on which the parties should be heard before further progression of the case. [1]

_____

[1]As Magistrate Judge Gossett stated in Filing No. 3: "The immediate question in this
case is whether the challenged conviction remains open to collateral attack in this court.
A petitioner's convictions become 'conclusively valid' if the sentences for those convictions
have been fully served before they are challenged in a § 2254 petition. See, e.g.,
Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001): '[O]nce a state
conviction is no longer open to direct or collateral attack in its own right because the
defendant failed to pursue those remedies while they were available (or because the
defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.'
Thus, because of 'the interests of finality and ease of administration,' a petitioner may not
collaterally attack a fully expired state court conviction under 28 U.S.C. § 2254 or 28 U.S.C.
§ 2241. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) .... The second question

In Filing No. 3, Magistrate Judge Gossett entered the following order, in pertinent part:

> 2.      That before any additional proceedings in this case, the parties shall be heard on the issues discussed above, i.e., whether the petitioner has wholly served his sentence for the challenged conviction so that this habeas corpus case is barred by the conclusive validity of his conviction, or whether the statute of limitations has expired; if neither is true, the court will order the respondent to answer or otherwise respond to the § 2554 petition, and the case will proceed from that point forward;
>
> 3.      That within forty (40) days of the date of this Order, the respondent shall file a written response to this Order addressing the issues raised above;
>
> 4.      That, if the respondent contends that the petition is barred on either or both of the grounds discussed above, the petitioner may reply within forty (40) days after the respondent files his response.

The respondent did indeed respond (Filing No. 8) to the Order on Initial Review.  In Filing No. 8, the Nebraska Attorney General, on behalf of the named respondent, sought dismissal of the § 2254 petition because the petitioner had fully served his sentence before he filed his habeas petition in this case, and thus, the conviction is no longer subject to collateral attack.  See, e.g., Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).  See also Daniels v. United States, 532 U.S. 374, 381 (2001):

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction.  He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 .... **These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.**  See, e.g., United States v. Olano, 507 U.S. 725, 731... (1993) ("No procedural principle

apparent from the face of the § 2254 petition is whether the petition is time-barred."

2

is more familiar to this Court than that **a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right** before a tribunal having jurisdiction to determine it"....).  One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

(Emphasis added).  In addition, the Attorney General asserted that the present habeas action is barred by the applicable statute of limitations.

In light of the Attorney General's arguments, this court issued a detailed Order to Show Cause, further discussing the issues and explaining the applicable legal principles, so that the petitioner could fully comprehend and respond to the matters before him.  The petitioner has now responded.

The petitioner states that the respondent defaulted by failing to respond within 40 days of the Order on Initial Review, as directed by Magistrate Judge Gossett in Filing No. 3.  However, in Filing No. 5, the respondent moved for an extension of time, and in Filing No. 6, a text order, the court granted the requested extension, giving the respondent until April 9, 2007 to respond.  On April 9, 2007, the Nebraska Attorney General responded in Filing No. 8 on behalf of the respondent.  Therefore, no default occurred.

The petitioner also refers to actionable conduct by Omaha police officers in the course of the petitioner's arrest.  However, the remedy for unconstitutional conduct by police officers lies in a civil rights action[2] brought in a state or federal court, but such behavior, even if illegal, does not furnish a basis for expungement of an arrestee's subsequent conviction.  Accordingly, in light of the principles set forth in Filing No. 9, this

---

[2]Generally, a four-year statute of limitations applies in such civil rights actions.

3

case must be dismissed.  The § 2254 petition is untimely, and the challenged conviction is barred from collateral attack.

THEREFORE, IT IS ORDERED:

1.      That this action and the Petition for Writ of Habeas Corpus filed by the petitioner, Robert F. Baker, are dismissed with prejudice; and

2.      That judgment will be entered accordingly.

DATED this 7th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge